**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------

MIKE COSTELLO,

Plaintiff,

v.

MEYTEX CAFE, INC.,

Defendant.

-----------------------------------------------

Case No.: CV-11-0285(SJ)(JMA)

**Memorandum of Law in Support of Motion for Judgment on the Pleadings F.R.C.P. 12(c)**

**Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings, F.R.C.P. 12(c)**

The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2nd Floor
New York, NY 10025
(212) 760-2400
*Attorney for Defendant*

# TABLE OF AUTHORITIES

Chapman v. Pier 1 Imports, Inc., 631 F.3d 939 (9th Circuit 2011)

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)

## Introduction

Defendant brings this motion via FRCP 12(c) for judgment on the pleadings.

In this case, plaintiff filed his complaint alleging violations of the American with Disabilities Act. As will be shown, the complaint fails to allege constitutional standing because it failed to tie the plaintiff's disability with the barriers and failed to explain how the barriers impeded plaintiff. Therefore, there is no standing in this case and it must be dismissed under the recent United States Court of Appeals for the Ninth Circuit decision of **Chapman v. Pier 1 Imports, Inc.**

## Argument

On January 7, 2011, the Ninth Circuit held that a plaintiff alleging violations of the Americans with Disabilities Act ("ADA") cannot satisfy the injury-in-fact requirement for Article III standing by merely listing a set of architectural barriers in a public accommodation and alleging those barriers denied him "full and equal access." **Chapman v. Pier 1 Imports, Inc., 631 F.3d 939, 944, 954-55 (9th Cir. 2011)** (*en Banc*). Rather, a plaintiff must identify specific barriers and describe how each affects plaintiff's disability. **Id. at 944**. Finding that the plaintiff in Chapman failed to plead with sufficient specificity, the Ninth Circuit remanded with instructions to dismiss the plaintiff's claim for lack of subject matter jurisdiction. **Id. at 955**.

The *Chapman* court vacated the district court's grant of summary judgment and remanded the case with instruction to dismiss the complaint because the plaintiff lacked standing to assert claims under the ADA. The plaintiff in *Chapman* alleged that barriers "denied him full and equal enjoyment" of the store, but the court found that the allegations were merely a "formulaic recitation" of the elements of the ADA and did not sufficiently allege injury-in-fact. ***Chapman*, 631 F.3d at 955 n. 9 [*7]** (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). The court found that a list of barriers stated in the complaint "does nothing more than perform a wholesale audit of the defendant's premises." ***Id.* at 955**. (citations omitted). "[Plaintiff] never allege[d] what those barriers were and how his disability was affected by them so as to deny him 'full and equal' access that would satisfy the injury-in-fact requirement (*i.e.*, that he personally suffered discrimination under the ADA on account of his disability)." ***Id.* at 954**.

In our case, the complaint does nothing more than make a laundry list of supposed ADA violations on the premises but fails to sufficiently allege standing as it merely offers labels and conclusions that parrot the language of the ADA. In paragraph 13 of the plaintiff's complaint, it merely recites portions of the requirements of the American with Disabilities Act (ADA) Accessibility Guidelines and claims that these violations are discriminating against the plaintiff without connecting these alleged

barriers with the plaintiff's disability. The Ninth Circuit in Chapman ruled that this was not adequate and this court should rule the same.

## Conclusion

This case must be dismissed with prejudice as the plaintiff has not alleged an injury in fact.

The Defendant

By__________________________

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2nd Floor
New York, New York 10025
(212)760-2400
swexleresq@gmail.com