**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MIKE COSTELLO,

Plaintiff,

v.

MEYTEX CAFE, INC.,

Defendant.

---

Case No.: CV-11-0285(SJ)(JMA)

**Reply Memorandum of Law In Further Support of Motion for Judgment on the Pleadings F.R.C.P. 12(c)**

**ORAL ARGUMENT REQUESTED**

**Memorandum of Law in Further Support of Defendant's Motion for Judgment on the Pleadings, F.R.C.P. 12(c)**

**ORAL ARGUMENT REQUESTED**

The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2nd Floor
New York, NY 10025
(212) 760-2400
swexleresq@gmail.com
*Attorney for Defendant*

## TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009 ........................................................3,4

Bell Atl. Corp. v. Twombley, 550 U.S. 544 (2007) ........................................3,4

Chapman v. Pier 1 Imports, Inc., 631 F.3d 939 (9th Cir. 2011) .....................5,6

Conley v Gibson, 355 U.S. 41 (1957) ...........................................................3,4

Kohler v. Cjp, Ltd., 2011 U.S. Dist. LEXIS 84407 ..........................................6

Pasternack v Lab. Corp. of Am., 2011 U.S. Dist. LEXIS 88311 (S.D.N.Y.)...3,4

## Preliminary Statement

This memorandum of law is submitted in further support of defendant's motion via FRCP 12(c) for judgment on the pleadings.

In their opposition papers, plaintiff misstates the legal standard to be applied for this motion against the pleadings and instead applies the standard that was effective prior to the Supreme Court cases of Twombley and Iqbal. The new standard demands that a complaint contain more than just a formulaic recitation of the elements of a claim. Twombley and Iqbal hold that is insufficient to state a cause of action. Second, plaintiff fails to show constitutional standing because he merely alleges that he had a disability and the subject facility was not ADA compliant but fails to allege how the alleged violative facility affected his use of the facility because of his disability. Finally, because plaintiff lacked standing at the outset of this litigation, the complaint should be dismissed with prejudice.

## Argument

The standard for a motion to dismiss as stated in the cases of Iqbal and Twombley were explained by this court in a recent case Pasternack v Lab. Corp. of Am., 2011 U.S. Dist. LEXIS 88311 (S.D.N.Y.). The Court should take special note that the case cited by plaintiff of Gibson which plaintiff claimed is the standard for a motion to dismiss was deemed explicitly abrogated. The analysis that follows is from the Pasternack case:

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129S. Ct. 1937 (2009) (quoting Bell Atl. Corp. v. Twombley, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

The Pasternack decision in footnote 7 criticizes the plaintiff in that case for relying on Conley v Gibson, 355 U.S. 41 by saying the standard that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' has been explained away and explicitly abrogated by Iqbal and Twombly. The Gibson case is the same case that plaintiff now relies upon for his contention that the complaint should not be dismissed because reading the complaint, it is not beyond doubt that plaintiff can prove no set of facts which would entitle plaintiff to relief.

The Pasternack decision concludes "In considering a motion to dismiss... the court is to accept as true all facts alleged in the complaint and must draw all reasonable inferences in favor of the plaintiff. However, a court need not accept as true legal

conclusions, deductions or opinions couched as factual allegations."(internal quotations and citations omitted).

In paragraph 13 of plaintiff's complaint, plaintiff lists not less than 12 alleged violative barriers without saying how any single violation affects the plaintiff's disability. This is what Chapman v. Pier 1 Imports, Inc., 631 F.3d 939 (9th Circuit 2011) found as insufficient to allege subject matter jurisdiction because these allegations are not specific, rather they are merely a formulaic recitation of the elements of the cause of action. Chapman explained that listing the alleged barriers does nothing more than perform a wholesale audit of the defendant's premises leaving the court to guess which of the violations plaintiff encountered and was affected by. Plaintiff did not satisfy the injury in fact requirement.

Plaintiff's attempt to distinguish Chapman is nonsensical, he claims that "In Chapman, the plaintiff attached a document referred to as an Accessibility Survey to his complaint, listing store barriers known to him, and did not relate the violations to his disability. In the case at bar, the Complaint specifies the violations at the facility directly in paragraph 13 of the complaint. Moreover, the violations specified in Plaintiff's complaint pertain directly to the Plaintiff's disability." This argument is incorrect. Plaintiff admits that he never entered the establishment so defendant is unsure what reasoning the plaintiff is trying to put forward for the assertion that the complaint should not be dismissed where the complaint merely alleges violations that plaintiff is unaware of but not when an accessibility survey verified by the plaintiff alleges the violations. The opposite should be true because the complaint doesn't even allege that

the barriers were known to the plaintiff and therefore they couldn't possibly have affected him.

In order to properly allege that a plaintiff was deterred from visiting a noncompliant public accommodation, a plaintiff cannot simply plead that he is 'physically disabled,' and that he 'visited the place of public accommodation, and encountered... barriers that denied him full and equal access.' Rather, the plaintiff must identify *how* any of the alleged violations threatens to deprive him of full and equal access due to his disability if he were to return to the Store, or *how* any of them deter him from visiting the Store due to his disability. (emphasis added by the Court) In Chapman, the Ninth Circuit held that plaintiff had failed adequately to plead standing because he did nothing more than attach a list to the complaint that identified alleged ADA.. violations without connecting the alleged violations to his disability... Kohler v. Cjp, Ltd., 2011 U.S. Dist. LEXIS 84407 explaining Chapman.

In Chapman, since there was no subject matter jurisdiction from the start of the case, the complaint was dismissed with prejudice. This court should do the same.

By________________________

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
2710 Broadway, 2nd Floor
New York, New York 10025
(212)760-2400
swexleresq@gmail.com
*attorney for defendant*